1808.

Gunby
vs
Selby

estate, with interest, &c.) of £318 12 5, current money. The court therefore *decreed*, that the appellant be permitted to take out execution against the appellee on the judgment, &c. for the sum of £318 12 5, current money, with interest from the 19th of January 1808, and the costs at law; and that the execution be sued out in the name of *Rebecca Dulany*, as executrix of *Daniel*, for the use of the appellant.      DECREE REVERSED, &c.

---

JUNE, (E. S.)          GUNBY *vs.* SELBY.

*In an action of debt upon a guardian's bond, dated in 1797, the plaintiff proved by a witness, that land of the plaintiff was during his minority, rented by the guardian to the witness, in 1791, and that the rent was afterwards lessened, in consequence of an agreement between them, that the witness should take charge of the defendant's stock upon the land.——Held, that such evidence was inadmissible*

APPEAL from *Worcester* county court. Debt on a guardian's bond, dated in 1797. At the trial, the plaintiff, (the appellee,) offered a witness to prove that the lands, the property of the plaintiff, were, during his minority, rented by the defendant, *(now appellant,)* to the witness, in 1791, and that the rent agreed upon between the witness and defendant was lessened in consequence of an agreement between them, that the witness should take charge of the defendant's stock upon the lands. The defendant objected to the admission of such evidence, as incompetent. But the court, [*Polk*, Ch. J.] was of opinion, that it was proper to be given to the jury, and to examine the witness as to the said facts; and the same was accordingly done. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before TILGHMAN, BUCHANAN, and GANTT, J. by

*Whittington* and *Wilson*, for the Appellant, and by

*J. Bayly*, for the Appellee.

            JUDGMENT REVERSED.

---

JUNE, (E. S.)      EMORY's Adm'r. *D. B. N. vs.* THOMPSON's Ex'x.

*A copy of a paper, purporting to be an additional inventory to the inventory of the estate of the deceased, certified under the hand and seal of the Register of Wills to be a true copy taken from the original additional inventory offered, (not proved,) by the administrator, and lodged in the office of the register—Held not to be competent evidence to charge the administrator with the amount of the goods and chattels therein mentioned.*
*An original paper, purporting to be an "additional inventory to the inventory of the deceased, offered by the administrator," proved to be in the hand-writing of a person who acted as a clerk for the administrator, and endorsed "additional inventory," in the hand-writing of the administrator, found among the papers in the office of the register of wills, wrapped up in the original inventory of the estate of the deceased—Held to be competent evidence to charge the administrator with the several sums of money specified in the said paper, as part of the goods and chattels of the deceased.*

APPEAL from the General Court. The Appellant brought an action of *debt* upon the *administration bond* of *Ezekiel.*